UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
SEP 23 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 03-189-GWU

ROY VERNON HALL, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Currently before the Court is Hall's counsel's fee petition, filed pursuant to 42 U.S.C. Section 406(b)(1). The parties agree that 25 percent of the plaintiff's past due benefits would be $7,036.39. The Commissioner asserts, however, that a fee of this amount represents a windfall and that it should be sharply reduced.

## DISCUSSION

In general, Section 406(b) provides for an award of attorneys fees in judicial proceedings where the outcome is favorable to the claimant. The Court can examine the proposed fee award to see if it would comport with the principles announced in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) and Hayes v. Secretary of Health and Human Services, 923 F.2d 418 (6th Cir. 1998), specifically whether a full 25 percent award would represent an "undeserved windfall due to the client's large back pay award or the attorney's minimal effort." The Sixth Circuit Court of Appeals has provided guidance in determining whether such a windfall has occurred.

1

> We believe that, under Rodriquez, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of Rodriquez's windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended." Rodriquez, 865 F.2d at 746.

Hayes, 923 F.2d at 422.

In the present case, there was evidence of a contingent fee contract presented by counsel for the plaintiff. A hypothetical hourly rate can be calculated–the parties agree that the $7,036.39 for the 9.25 hours expended by plaintiff's counsel at the district court level would equate to $760.69 per hour.

Although the Commissioner argues that a reduction in fees is warranted because the fee agreement was not signed until after judgment was entered, this is not correct. The "Fee Contract" attached to the Plaintiff's Memorandum in Support of an Attorney Fee Petition, Docket Entry No. 15, was signed May 31, 2000, while the civil action was not even filed until June 17, 2003. See Docket Entry No. 2.

Nevertheless, the undisputed calculated hourly rate of $760.69 is far above the Rodriguez "floor" of $200, which the Court has approved for the Pikeville division of this district. While counsel for the plaintiff may have expended a large number of hours on the case at the administrative level, Section 406(b) is intended only to compensate counsel for representation before the Court. Plaintiff's counsel's memorandum emphasizes that a great deal of skill was demonstrated administratively, but the course of the action for the Court was brief. After the complaint was filed, the defendant requested a remand under Sentence Four of 42 U.S.C. Section 405(g). As stated in the Court's Memorandum Opinion granting the Commissioner's motion, plaintiff's counsel responded that the claimant met several of the Listings of Impairment, but the argument was made "without much elaboration." The evidence cited in support had been submitted to the Appeals Council, rather than to the Administrative Law Judge, and could not form a basis for an award of benefits, as the Court noted.

In view of the cursory nature of the argument, and of the fact that counsel did not even have to file a motion for summary judgment, the Court can find no reason to increase the fees past the calculated Rodriquez floor.

The plaintiff's counsel will be awarded $1,850.00.

This the 21 day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

3